WILBUR, Justice
(concurring in part and dissenting in part).
[¶ 15.] I agree that .SDCL 32-17-8.1 requires only two working stop lamps, I disagree that the fact the Legislature authorized vehicles to have more than two stop lamps means it was objectively reasonable for Officer Wassenaar to mistakenly conclude that “all originally equipped brake lights [need] to be operational.” See supra Majority Opinion ¶ 8. Officer Was-senaar did not .stop Lerma’s vehicle because he-believed Lerma violated SDCL 32-21-27 by failing to have all equipment on the vehicle in good working order — he stopped Lerma for a violation of SDCL 32-17-8.1. Under State v. Wright, the interplay between SDCL 32-21-27 and SDCL 32-17-8.1 would have no bearing on this Court’s examination of Officer Was-senaar’s objectively reasonable ¡mistake of law. See 2010 S.D. 91, ¶¶ 13-14, 791 N.W.2d 791, 795-96 (examining the basis for the stop only upon the law that the officer believed justified the .stop and rejecting the circuit: court’s analysis beyond that); United States v. Martin, 411 F.3d 998, 1001, (8th Cir.2005) (the question is not whéther defendant actually violated the law). So, even if the majority opinion is correct that State v:. Anderson stands for the proposition that a nonfunctioning side brake light is a violation.of SDCL 32-21-27, the determinative question in this case is whether it was objectively reasonable for Officer Wassenaar . to believe Ler-ma violated SDCL 32-17-8.1.[3] See Anderson, 359 N.W.2d-887 (S.D.1984).
[¶ 16.] According to - the Supreme Court, “[t]he Fourth Amendment tolerates only reasonable mistakes, and those mistakes — whether of fact or of law — must be objectively reasonable.” Heien v. North Carolina, — U.S. ——, —, 135 S.Ct. 530, 539, 190 L.Ed.2d 475. (2014). In Heien, the Court also acknowledged the well-known maxim, “Ignorance of the law *754 is no excuse,” and that it could be “unfair to let police officers get away with mistakes of law when the citizenry is accorded no such leeway.” • Id.1 at-, 135 S.Ct. at 540. “But just because mistakes of law cannot justify either the imposition or the avoidance of criminal liability, it does not follow that they cannot justify an investigatory stop.”- Id. Therefore, to justify an investigatory stop, Officer Wassenaar’s mistake of law must be objectively reasonable.
[¶ 17.] In Wright, we quoted the Eighth Circuit Court of Appeals: ,
The concept of an objectively reasonable mistake of law cannot be ... unmoored from actual legal authority. Where there is a basis in state law for an officer’s action and some ambiguity or state custom that caused the officer to make the mistake, it may be objectively reasonable. However, in the absence of such evidence, officers cannot act upon misunderstandings of clear-statutes or, worse yet, their own notions of what the law ought to be. Officers have broad authority to stop vehicles for any traffic violation, regardless of how minor, but they must have a legal justification for the stop that is grounded in the state’s law.
2010 S.D. 91, ¶ 17, 791 N.W.2d at 798 (quoting United States v. Washington, 455 F.3d 824, 828 (8th Cir.2006)). We also found instructive Martin, 411 F.3d at 1001, for the notion that a “counterintuitive and confusing” code provision can support a finding that the officer’s mistake of law was objectively reasonable.[4] Wright, 2010 S.D. 91, ¶ 16, 791 N-.W.2d at 797.
[¶ 18.] Here, there is nothing confusing about SDCL 32-17-8.1. In fact, neither the majority nor the circuit court engaged in a close textual analysis to explain the meaning of the statute. See, e.g., Martin, 411 F.3d at 1001. And the statute does not become-counterintuitive simply because “it will certainly surprise many people.” See supra Majority Opinion ¶ 10. Wright, 2010 S.D. 91, ¶ 20, 791 N.W.2d at 799 (although the language of a statute may surprise people, a clear and unambiguous statute is not counterintuitive). A statute is counterintuitive when the words in the statute do not make sense absent a close textual analysis. - See, e.g., Martin, 411 F.3d at 1001 (code provision contained “odd reference[s]”); Heien, — U.S. at -, 135 S.Ct. at 540.
[¶ 19.] In this case, Officer Wassenaar acted upon a misunderstanding of a clear statute and, arguably, on his own idea of what the law ought to be. This is not to say that Officer Wassenaar’s subjective understanding of the law is material. Rather, Officer Wassenaar’s testimony is relevant in establishing that he relied on no “state custom that caused [him] to make the mistake[.]” See Wright, 2010 S.D. 91, ¶ 17, 791 N.W.2d at 798 (quoting Washington, 455 F.3d at 828). At the suppression hearing, Officer Wassenaar admitted that SDCL 32-17-8.1 does not mandate where the stop lamps be placed on the rear of the vehicle. He testified, however, that he looks for illuminated brake lights on the left and right rear. He *755 “know[s] some consider [the center lamp] a stop lamp and others consider it an auxiliary lamp[.]” He explained that “our department’s head talks about it and there’s different views on that,” but to Officer Wassenaar, the right and left rear stop lamps must function properly.
[¶ 20.] As the court stated in Martin, “[Officers have an obligation to understand the laws that they are entrusted with enforcing, at least to a level that is objectively reasonable.” 411 F.3d at 1001. Because Officer Wassenaar acted upon a mistake concerning a clear and unambiguous statute, Officer Wassenaar’s mistake of law was not objectively reasonable, and I respectfully dissent.
[¶ 21.] SEVERSON, Justice, joins this special writing.

. Anderson is further unsupportive because the issue in Anderson was not whether a side brake light is equipment. 359 N.W.2d at 889-90. The issue concerned the officer’s reasonable suspicion that Anderson was under the influence and the officer’s probable cause to arrest Anderson. In answering the question, this Court did not analyze whether a side brake light is equipment or whether a . nonworking brake light is a violation of SDCL 32-21-27. The Court just noted the reasons the officer stopped Anderson.

. The Eighth Circuit Court of Appeals referred to SDCL 32-17-8.1 as a requirement that “all brake lights on a vehicle ... must be in good working order.” Martin, 411 F.3d at 1001. The court made this statement in regard to "brake lights on a vehicle like Martin’s[.]” Id. Martin’s vehicle was equipped with two brake lights, not three like Lerma’s. So, contrary to the majority opinion’s view of Martin, the Eighth Circuit Court of Appeals did not "express[] its statement of law” on whether SDCL 32-17-8.1 requires more than two properly functioning brake lights. See supra Majority Opinion ¶ 8 n. 1. In fact, the court did not quote the language of our statute or specifically interpret its text.